### STATE *v.* GRAVES.

CRIMINAL LAW. *Costs. Attorney-General entitled to two fees. When.* The statute regulating the fees of the District Attorney-General, in the absence of negligence or corruption on the part of that officer, is imperative, and upon each conviction, when the punishment is death, the Attorney-General is entitled to a tax fee of twenty dollars, without regard to the number of convictions; and if upon another trial the person be acquitted, he is entitled also to a fee of five dollars.

Case cited : State *v.* Hill, 3 Col., 98.

#### FROM SHELBY.

Appeal from the Criminal Court. JOHN R. FLIPPIN, Judge.

State *v.* Graves.

Attorney-General HEISKELL for the State.

SNEED, J., delivered the opinion of the court.

This was a motion by the Attorney-General in the Criminal Court of Shelby county for a retaxation of costs.

The defendant was tried and convicted in said court upon an indictment for murder in the first degree, and the judgment of death was pronounced against him. He appealed in error to this court, and this court reversed the judgment and awarded a new trial. Upon the second trial below the defendant was acquitted, and in the final taxation of the costs of the cause, the Attorney-General was only allowed the acquittal fee of five dollars. He claimed the conviction fee also of twenty dollars, and we think he is clearly entitled to both under the statute. The statute upon the subject is in the words following: "The Attorney-General for each judicial district shall be entitled to demand and receive for services the following fees, and none other: For each conviction when the punishment is death twenty dollars; for felonies, if the defendant is tried and acquitted, five dollars. The compensation is for services rendered in the court in which the Attorney-General is the officer of the government, and it is made to depend upon the result in that court.

The law presumes that the officer has faithfully discharged his duty in either court, and while it is not intended to make the representative of public justice the guarantor of the success of criminal prosecu-

tions, it was the purpose to give him the specific compensation for services actually rendered in each case which is not made to depend upon the eventualities of another trial. It is still within the power of the court, in the exercise of its large discretion in controlling and directing the administration of justice, to disallow any tax fee at all when the failure of the prosecution is owing to the culpable negligence or corruption of the officer. But in a case where this does not appear, the statute is inoperative, and upon each conviction in such case the Attorney-General is entitled to his tax fee, of twenty dollars, and this without regard to the number of convictions, and if upon another trial the defendant be acquitted, he is entitled also to his acquittal fee of five dollars.

In the case of *The State* v. *Hill*, it was held that this conviction fee of twenty dollars is dependant alone upon the conviction, and not upon the punishment of the defendant, and it is to be taxed in behalf of the officer, whether the punishment is commuted by the Governor, the court, or the jury: 3 Col., 98.

These fees are inadequate at best for the delicate trust, the toil and responsibility which are imposed upon this officer in a State trial for the highest offense known to the law. And while this construction is, in our judgment, manifestly correct upon the letter of the law itself, we are satisfied that it embodies also the spirit and equity of the statute.

Judgment reversed and cause remanded.